IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEWEY WOODLE**                                                                                          **PLAINTIFF**

VS.                                      **CASE NO.  4:05CV00775 JMM**

**KOHLER CO.**                                                                                              **DEFENDANT**

**ORDER**

Pending before the Court is defendant's Second Motion for Judgment as a Matter of Law and Motion for New Trial (#81).  For the reasons stated below, the motion is denied.

This case was tried to a jury which returned a verdict in the total amount of $680,740.00 which included $80,740.00 in back pay, $200,000.00 in mental anguish and $400,000.00 in punitive damages.  On November 10, 2006, defendant filed a Motion for Judgment as a Matter of Law seeking to set aside the jury's award of punitive damages which the Court granted on December 5, 2006.

The Court denied defendant's previously filed Motion for Summary Judgment and its Motions for Judgment as a Matter of Law made during the trial, in which defendant argued that plaintiff's perceived disability claim under the Americans with Disabilities Act of 1990 was not legally viable.

 Defendant's pending motion restates this argument and contends that *Pittari v. American Eagle Airlines, Inc.*, 468 F.3d 1056 (8th Cir. 2006) decided subsequent to trial, calls for the setting aside of the jury's verdict pursuant to Federal Rule of Civil Procedure 50, and the granting of a new trial pursuant to Federal Rule of Civil Procedure 59.

The Eight Circuit held in *Pittari* that "restrictions based upon the recommendations of physicians are not based upon myths or stereotypes about the disabled and thus do not demonstrate a perception of disability." *Accord Breitkreutz v. Cambrex Charles City, Inc.*, 450 F.3d 780, 784 (8th Cir. 2006). Defendant contends that its actions were based upon plaintiff's medical records which under *Pittari* and *Breitkreutz* cannot form the basis for a perception of disability claim.

> "Judgment as a matter of law is appropriate only when all of the evidence points one way and is 'susceptible of no reasonable inference sustaining the position of the nonmoving party.' " *McKnight v. Johnson Controls*, 36 F.3d 1396, 1400 (8th Cir. 1994) (quoting *White v. Pence*, 961 F.2d 776, 779 (8th Cir. 1992)). Post-verdict judgment as a matter of law is appropriate only where the evidence is entirely insufficient to support the verdict. *See Greaser v. State Dep't of Corrections*, 145 F.3d 979, 984 (8th Cir. 1998).

*Belk v. City of Eldon*, 228 F.3d 872, 877-78 (8th Cir. 2000). A new trial should be granted to avoid a miscarriage of justice. *Id.*

In *Pittari* and *Breitkreutz*, the employer based its decisions on specific recommendations from a physician. In the instant case, the record does not reflect that a physician unequivocally stated that Woodle was restricted to only sedentary work. While Dr. John Wilson stated that plaintiff was able to do to "sedentary work" in his letter of March 26, 2003, he additionally stated that he "released [plaintiff] to return per his functional capacity assessment." The functional capacity assessment states that plaintiff was "able to do sedentary to light work."

As previously stated by the Court in its Order of December 5, 2006, defendant's interpretation of the medical reports, and records, submitted by Dr. Wilson was that plaintiff was limited to sedentary work of which none was available at the time of plaintiff's layoff, and

plaintiff's interpretation was that he was released by Dr. Wilson to do light duty as well as sedentary work.   Just because there was conflicting interpretations before the jury on what Dr. Wilson meant in the March 26, 2003 letter, it does not mean that there was insufficient evidence to support the jury's decision.

Finally, based upon the evidence, there has been no miscarriage of justice requiring a new trial.

IT IS SO ORDERED THIS   28   day of   February , 2006.

_____
James M. Moody
United States District Court