IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DEWEY WOODLE                                                                                    PLAINTIFF

VS.                                    CASE NO. 4:05CV00775 JMM

KOHLER CO.                                                                                       DEFENDANT

**ORDER**

Pending is Plaintiff's Application for Attorneys Fees and Costs (#78). Thomas McGowan and John Coulter represented plaintiff at trial on his Americans with Disabilities Act of 1990 ("ADA") and Arkansas Civil Rights Act of 1993 ("ACRA").[1] At trial the jury found in favor of plaintiff on three of his ADA claims and in favor of defendant on one of plaintiff's ADA claims. Plaintiff's ACRA claims were not submitted to the jury.

At trial plaintiff sought back pay, compensatory damages and punitive damages. The jury awarded back pay of $80,740.00, compensatory damages of $200,000.00 and punitive damages of $400,000.00. Subsequent to trial, both parties filed post trial motions which resulted in the Court setting aside the jury's verdict for punitive damages and granting plaintiff injunctive relief in the form of reinstatement.

Judgment for the plaintiff was entered on December 6, 2006, in the sum of $280,740.00 which was the amount of back pay and compensatory damages awarded by the jury.

Under the ADA a court may award a reasonable attorney's fee, including litigation expenses and costs, to the prevailing party in a suit commenced under the ADA. 42 U.S.C.

---

[1] The Application also contains a request from Nate Coulter for his representation of plaintiff prior to trial.

1

§ 12205. "In determining an appropriate award of attorney fees, a trial court must undertake a two step analysis: (1) the court must determine on which claims the plaintiff prevailed; and (2) on the claims on which plaintiff prevailed, the court must determine what amount of attorney fees is appropriate, taking into consideration, *inter alia*, the extent of plaintiff's success on those claims." *Burks v. Siemens Energy Automation, Inc.*, 215 F.3d 880 (8th Cir. 2000) (citations omitted).

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (interpreting 42 U.S.C. § 1988). "If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win." *Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 715 (8th Cir. 1997) (42 U.S.C. § 1988).

The Court should use the lodestar method, only awarding fees at a reasonable hourly rate for time reasonably expended. *Hanig v. Lee*, 415 F.3d 822 (2005) (as applied to 42 U.S.C. § 1988).

Defendant contends that the Court should discount the request for fees and costs by 25% based upon duplication of time by the attorneys, the jury's finding in favor of defendant on one of the four claims, and the excessive hourly rate of the attorneys and paralegal who worked on behalf of plaintiff.

After reviewing the application, using the lodestar method of review including a consideration of the *Johnson*[2] factors, and finding that plaintiff was the prevailing party, the Court awards attorney's fees to (1) Thomas McGowan, at the rate of $225.00 an hour for 569.4 hours for a total of $128,115; (2) John Coulter, at the rate of $200.00 an hour for 126.5 hours for a total of $25,300.00; and (3) Nate Coulter, at the rate of $225.00 an hour for 19 hours for a total of $4,275.00. The Court will also allow $6,000.00 in paralegal fees resulting in a total of $163,690.00 in fees.

The Court will award as costs the $250.00 filing fee, the $112.00 paid for medical records from Ortho Arkansas, and the costs of any transcripts and video depositions used as testimony at trial. The remaining costs are considered incidental to normal preparation of trial.

Because the application does not specify which deposition the court reporter or video service produced, the plaintiff is directed to provide the amount paid for any transcript or video deposition which was used as testimony at trial. Upon receipt of this information, the Court will enter an amended judgment.

IT IS SO ORDERED  16  day of March, 2007.

James M. Moody
United States District Court

---

[2]*Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (establishing twelve factors courts should consider in awarding attorney fees).